<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PAUL TANKO**,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**JEFFREY MOORE & HUNTERDON CENTRAL REGIONAL HIGH SCHOOL BOARD OF EDUCATION**,<br><br>　　　　　　Defendants. | Civil Action No. 23-2187 (ZNQ) (JBD)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion for Temporary Restraining Order filed by Plaintiff Paul Tanko ("Plaintiff"). ("Motion", ECF No. 2.) Plaintiff filed a Brief in Support of his Motion. ("Moving Br.", ECF No. 2-1.) Defendants Jeffrey Moore ("Moore") and the Hunterdon Central Regional High School Board of Education (the "Board") (collectively, "Defendants") have not yet filed an opposition. In light of the emergent relief sought by the Motion, the Court will address it without the benefit of Defendants' response.

The Court has carefully considered Plaintiff's submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will DENY Plaintiff's Motion for Temporary Restraining Order.

**I.　　BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff initiated the instant matter on April 19, 2023 by filing a Verified Complaint ("Compl.", ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2). Plaintiff

1

alleges that he has been a security guard at Hunterdon Central Regional High School ("Hunterdon High") for seven years following a long career in law enforcement. (Compl. ¶ 17.)

In support of Women's History Month, Hunterdon High created a commemorative display which included photographs of two transgender women. (*Id*. Ex. B.) Plaintiff admits that he took a photograph of the display "and shared it with an interest group because he felt offended by such display since it violated his mores and religious sensibilities." (*Id*. ¶ 3.) The photograph, however, was also posted on Twitter under the Twitter account "mammallama" wherein certain anonymous tweets related to transgender issues—including controversial issues of public concern—were made. (*Id*. ¶ 1.) Plaintiff alleges that Defendants attributed the "mammallama" account to Board member Rebecca Peterson. (*Id*. ¶ 2.) Following the tweet, Defendants launched an investigation surrounding this issue, temporarily suspended Plaintiff with pay, and served Plaintiff a *Rice* notice advising him that the Board "may be discussing [Plaintiff's] suspension" and "that discussion may include. . . [Plaintiff's] employment status." (Compl. Ex. A; Moving Br. at 4–9.) Plaintiff therefore alleges that the investigation, suspension, and his alleged association with Mrs. Peterson is a violation of his First Amendment rights. (*See generally*, *id*.)

## II.  **LEGAL STANDARD**

To obtain a preliminary injunction, the moving party must demonstrate: "(1) the reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured if relief is not granted. Moreover, the district court also should take into account, when relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *South Camden Citizens in Action v. N.J. Dep't of Envtl. Prot.*, 274 F.3d 771, 777 (3d Cir. 2001). "[A] district court—in its sound discretion—should balance those four factors so long as the party seeking the injunction meets the threshold on the first two." *Id*. (citing *Oburn*

*v. Shapp*, 521 F.2d 142, 147 (3d Cir. 1975)).  It follows that a "failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *See id*. at 777 (citing *In re Arthur Treacher's Franchisee Litig*., 689 F.2d 1137, 1143 (3d Cir.1982)).  As a threshold matter, the Court therefore considers the first two prongs together.  "Only when a plaintiff has sufficiently met the first two prongs, does the Court consider the third prong relating to the possibility of harm to other parties and finally, evaluate whether public interest is served by granting injunctive relief." *Love v. Does,* Civ. No. 17-1036. 2023 LEXIS 19495, at *4 (D.N.J. Feb. 6, 2023).

### III.    DISCUSSION

In this case, the Court need only analyze the second factor of the preliminary injunction analysis, because, for the reasons set forth below, the Court finds that Plaintiff has failed to show that he will suffer irreparable harm.  *See Exec. Home Care Franchising LLC v. Marshall Health Corp*., Civ. No. 15-760, 2015 WL 1422133, at *3 (D.N.J. Mar. 26, 2015).

Plaintiff argues that Defendants' investigation into the Twitter post and his suspension with pay violates his First Amendment rights.  (Moving Br. at 10.)  Specifically, Plaintiff argues that "Defendants have no right to conduct the investigation in question, much less to punish [him] in any way related to the same and to his perceived related conduct."  (*Id.*)  Plaintiff alleges that Defendants, as state actors, are discriminating against him "based on the perception that he is associated with Mrs. Peterson, who is perceived as being associated with the anonymous mammallama."  (*Id.* at 12.)

Plaintiff, as the moving party, "has the burden of establishing a 'clear showing of immediate irreparable injury.'" *Tracey v. Recovco Mortg. Mgmt. LLC*, 451 F. Supp. 3d 337, 344 (D.N.J. 2020) (quoting *Louis v. Bledsoe*, 438 F. App'x 129, 131 (3d Cir. 2011)).  Irreparable injury

3

means harm "such that legal remedies are rendered inadequate." *Tilden Recreational Vehicles, Inc. v. Belair*, 786 F. App'x 335, 342 (3d Cir. 2019) (citing *Anderson v. Davila*, 125 F.3d 148, 163 (3d Cir. 1997).

Demonstrating irreparable harm is perhaps the single most important prerequisite for issuing a preliminary injunction. *Donlow v. Garfield Park Acad.*, Civ. No. 09-6248, 2010 WL 1381010, at * 1 (D.N.J. Apr. 1, 2010) (internal citations omitted). The party seeking injunctive relief must demonstrate irreparable harm by "a clear showing of immediate irreparable injury." *Id*. (quoting *Florence v. Bd. of Chosen Freeholders*, 595 F.Supp.2d 492, 514 (D.N.J. 2009)). Before a court may issue preliminary injunctive relief, it must be convinced that the injunction is "the only way of protecting the plaintiff from [the] harm" in question. *See Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 731 (3d Cir. 2009). "The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat" of irreparable harm. *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487 (3d Cir. 2000). "Establishing a risk of irreparable harm is not enough. [Rather,] a clear showing of immediate irreparable injury is required." *Naccarati v. Wilkins Twp.,* 846 F. Supp. 405, 408 (W.D. Pa. 1993) (citing *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)). In other words, the risk of irreparable harm must not be speculative. *Acierno*, 40 F.3d at 655. Furthermore, a court cannot find irreparable harm where a defendant's breach can be adequately remedied by monetary damages. *Peterson v. HVM L.L.C.*, Civ. No. 14-1137, 2015 WL 3648839, at *6 (D.N.J. June 11, 2015).

"While other circuits relax the irreparable harm requirement in First Amendment cases, [the Third Circuit] requires a First Amendment plaintiff seeking a preliminary injunction to prove irreparable harm." *Conchatta, Inc. v. Evanko*, 83 F. App'x 437, 442 (3d Cir. 2003). In *Hohe v.*

4

*Casey*, 868 F.2d 69, 72–73 (3d Cir. 1989), the Third Circuit observed that "the assertion of First Amendment rights does not automatically require a finding of irreparable injury."  Instead, the Third Circuit wrote, "plaintiff[] must show 'a chilling effect on free expression.'"  *Id*.  In *Anderson*, 125 F.3d at 164, the Third Circuit held that plaintiffs who had shown a likelihood of success on the merits of their First Amendment claim would not be entitled to preliminary injunctive relief unless they could show a "'real or immediate'" danger to their rights "in the near future."

In his Moving Brief, Plaintiff devotes two sentences to articulating his irreparable harm.

> "Mr. Tanko is being punished for his perceived political association and the associations of those who he is perceived to be associated with.  As noted above, '[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Roman Catholic Diocese v. Cuomo,* 141 S. Ct. 63, 67 (2020).

(Moving Br. at 14.)  Plaintiff quotes *Roman Catholic Diocese* to support the proposition that an allegation of a First Amendment violation automatically satisfies the irreparable harm requirement.  Plaintiff quotes the Supreme Court's language out of context.  *Roman-Catholic Diocese* involved two religious institutions seeking to enjoin a COVID-related Executive Order by the Governor of New York that would have severely restricted the number of attendees at religious services.  The Executive Order would have prevented anyone who wished to attend service but exceeded the permissible number to forgo in-person rituals central to their faith.  In short, if not enjoined, the Executive Order would have prevented would-be attendees from exercising their First Amendment rights to the free exercise of their religion.  Here, in contrast, the speech that Mr. Tanko seeks to protect has already occurred.  It is the potential repercussions he seeks to enjoin.  He has not articulated, however, how these repercussions are irreparable.

To the extent he contends that Board's investigation into the dissemination and subsequent tweet of the photograph constitutes irreparable harm, that argument is insufficient.  Courts have

consistently held that employer investigations and a plaintiff's requirement to comply with an investigation do not constitute irreparable harm. *See, e.g., Univar Sols. Inc. v. Geisenberger*, Civ. No. 18-1909, 2022 WL 2064990, at *9 (D. Del. June 8, 2022).

Plaintiff's suspension with pay is not irreparable harm either. Plaintiff is not suffering any economic injury because he continues to be paid. *Morton v. Beyer,* 822 F.2d 364, 371–72 (3d Cir. 1987). Moreover, should he be terminated, it would not constitute irreparable harm. *Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974); *Marxe v. Jackson*, 833 F.2d 1121 (3d Cir. 1987); *see also Minniti v. Ridinger,* Civ. No. 07-5117, 2008 WL 11509875, at *2 (D.N.J. Apr. 3, 2008) (irreparable harm was not by an employee suspended *without* pay) (emphasis added). To be clear, the Court reaches no conclusion with respect to the ultimate merits of Plaintiff's case. The Court merely concludes that, at this stage of the litigation, Plaintiff's failure to show irreparable harm, compels the denial of his Motion.

## IV.    CONCLUSION

For the reasons stated above, the Court will DENY Plaintiff's Motion for Temporary Restraining Order. An appropriate Order will follow.

Date: **April 21, 2023**

                                                                        s/ Zahid N. Quraishi
                                                                        **ZAHID N. QURAISHI**
                                                                        **UNITED STATES DISTRICT JUDGE**